**Maria Alicia TORRES–PENALOZA, Petitioner,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

No. 02–71438.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.\*\*

Decided Sept. 20, 2004.

---

\* John Ashcroft is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See*

Maria Alicia Torres–Penaloza, Los Angeles, CA, pro se.

Los Angeles District Counsel, Los Angeles, CA, Ann Carroll Varnon, Esq., Michael J. Dougherty, OIL, Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM ***

Maria Alicia Torres–Penaloza petitions pro se for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's ("IJ") denial of her application for suspension of deportation. Because the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We deny the petition for review.

Petitioner testified that she left the United States for over six months during a period spanning 1993 and 1994. Substantial evidence therefore supports the IJ's finding that petitioner is not eligible for suspension of deportation because she did not meet the seven years continuous physical presence requirement. *See* 8 U.S.C. § 1229b(d)(2) (an alien fails to maintain continuous physical presence where she "has departed from the United States for any period in excess of 90 days or for any periods in the aggregate exceeding 180 days"); *Mendiola–Sanchez v. Ashcroft*, 381 F.3d 937, 941 (9th Cir.2004) ("the

Fed. R.App. P. 34(a)(2). Accordingly, petitioner's request for oral argument is denied.
*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

90/180 day rule applies generally to transitional rule aliens ... who seek suspension of deportation").

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), petitioner's voluntary departure period will begin to run upon issuance of the court's mandate.

**PETITION FOR REVIEW DENIED.**